IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS DOUZART and § | | |
| FAITH SEAWRIGHT § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:07CV1057-LG-RHW |
| § | | |
| BALBOA INSURANCE COMPANY and § | | |
| JOHN DOES 1 - 10 § | | DEFENDANTS |

ORDER DENYING BALBOA INSURANCE COMPANY'S
MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [39] of this Court's Order denying Balboa Insurance Company's Motion for Summary Judgment [37]. The plaintiffs responded to the Motion, but Balboa did not file a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

DISCUSSION

Pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*, a Motion to Reconsider may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Balboa first asserts that this Court should reconsider its decision to deny its Motion for

Summary Judgment, because policy interpretation is a question of law and there is no genuine issue of material fact that the plaintiffs' home was not damaged by an explosion. In support of this assertion, Balboa relies on a December 13, 2007, decision made by Harrison County Circuit Judge Stephen B. Simpson. *See Flammer v. State Farm Fire & Cas. Co.*, A 2402-06-208, slip op. (Harrison County Cir. Ct. Dec. 13, 2007). These arguments, with the exception of the opinion by Judge Simpson, were previously made by Balboa in support of its Motion for Summary Judgment, and the decision by Judge Simpson was certainly available to Balboa at the time that Balboa filed its Motion for Summary Judgment. Additionally, the decision made by Judge Simpson is distinguishable, because the plaintiffs in that case "present[ed] no facts or authorities which persuad[ed] the Court that the explosion exception to the flood/water exclusion should be exploded to include damages caused by storm surge or wind driven water." *Flammer*, at 2. In the present case, the plaintiffs presented uncontradicted, sworn expert testimony that their home was damaged by an explosion caused by the accumulation of wind in their home during Hurricane Katrina.

Balboa also asserted that this Court's decision has created wind coverage where there was no intent to provide such coverage. Balboa also alleges that there are likely 34,000 insurance policies in force on the Mississippi Gulf Coast that potentially no longer have valid exclusions for wind and hail. However, this argument is without merit. This Court's opinion was limited to the facts and proof submitted by the parties in this case. Balboa did not properly support its Motion for Summary Judgment with expert opinions and evidence that demonstrated that it was entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) (holding that a party seeking summary judgment bears the initial burden of identifying those

portions of the pleadings and discovery on file, together with any affidavits, which demonstrate the absence of a genuine issue of material fact).  Balboa relied solely on the plaintiffs' expert's testimony and opinions, which, when viewed in the light most favorable to the plaintiffs, created a genuine issue of material fact regarding whether the damage to the plaintiffs' home was caused by an explosion.  Balboa did not submit any evidence or expert testimony that the house was not damaged by an explosion.  Therefore, this Court could not grant summary judgment based on the record before it.

In support of its Motion for Reconsideration, Balboa has improperly relied on authority and arguments that were available to it at the time when it filed its Motion for Summary Judgment.  *See Pham*, 193 F.R.D. at 495.  Additionally, Balboa has not demonstrated that there is a need to correct a manifest error in law or fact.  Therefore, Balboa's Motion to Reconsider must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Reconsider [39] filed by Balboa Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 25th day of November, 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge