# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

Charles R. Fulbruge III
Clerk

No. 09-60036

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAR 25 2010
J.T. NOBLIN, CLERK
BY_____DEPUTY

DENNIS DOUZART; FAITH SEAWRIGHT,

                      Plaintiffs - Appellees,

v.

BALBOA INSURANCE COMPANY,

                      Defendant - Appellant.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1057 LG-RHW

---

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Balboa Insurance Company (Balboa) appeals the district court's denial of its motion for summary judgment under 28 U.S.C. § 1292(b).[1] In its motion, Balboa asserted that the damage to Dennis Douzart and Faith Seawright's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] This court granted leave to appeal from the district court's order denying Balboa's motion for summary judgment, entered on October 14, 2008, and the district court's order denying Balboa's motion for reconsideration under Rule 59(e), entered on November 25, 2008. Because Balboa did not seek judicial review of its Rule 59(e) motion before this court, we will not consider that issue. "An appellant abandons all issues not raised and argued in its *initial* brief on appeal." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (citations omitted).

(Douzarts) home caused by Hurricane Katrina was not covered under the Balboa policy because the damage to their home resulted from an excluded peril under the policy–windstorm damage–rather than an explosion, which is not excluded. In response to Balboa's motion for summary judgment, the Douzarts supported their assertion that damage to their home was caused by an explosion resulting from the accumulation of air inside their home during the hurricane with an affidavit from Dr. Neil B. Hall. Dr. Hall concluded that "to trigger progressive failure and the complete destruction of the building due to hurricane wind, it is most likely that some portion of the building did 'explode' in a matter of seconds, followed by the progressive failure of the structure."

The district court found that "there is a genuine issue of material fact regarding whether the [Douzarts] are entitled to coverage under the homeowner's insurance policy issued to them by Balboa" and "that a genuine issue of material fact exists regarding whether Balboa had an arguable or legitimate basis for denying the [Douzarts'] claim." More particularly, the district court concluded that Dr. Hall's testimony "creates a genuine issue of material fact regarding whether all or part of the damage to the [Douzarts'] home was caused by an explosion that resulted from a windstorm." In reaching its conclusion, the district court noted that Balboa has not submitted any evidence that it actually inspected the Douzarts' home even after the Douzarts informed Balboa that its adjuster had inspected the wrong house. Furthermore, Balboa has failed to produce its own expert report or any other evidence contrary to Dr. Hall's conclusions.

Accordingly, we affirm the judgment of the district court essentially for the reasons stated in the district court's careful and thorough order, dated October 14, 2008, denying Balboa's motion for summary judgment. AFFIRMED.